IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KINGSLEY O. EMEZIE,           )
                              )
            Plaintiff,        )
                              )
    v.                        )      1:16CV569
                              )
TANYA BRYANT,                 )
                              )
            Defendant.        )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff's Application [Doc. #1] to proceed in this action *in forma pauperis* without the payment of the filing fees or costs. This is an action based on alleged racial discrimination in violation of Title VII of the Civil Rights Act of 1964. Plaintiff names as the sole defendant Tanya Bryant, a teacher at the school where Plaintiff was working as a substitute teacher.

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted).

As to the second grounds for dismissal, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] In addition, the Court may anticipate affirmative

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted),

defenses which are clear on the face of the complaint. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

In this case, Plaintiff claims that on February 5, 2013, he was working as a substitute teacher at Northern High School in Durham, North Carolina, when Defendant Bryant, a fellow teacher, came into his classroom and started staring at him and harassing him. She allegedly insulted him, shouted at him, and encouraged his students to join her in harassing Plaintiff. The principal of the school allegedly talked to Defendant Bryant, and Bryant apologized to Plaintiff. Plaintiff attempted to file a complaint against Defendant Bryant at Northern High School, but someone there told Plaintiff that she had "run away." According to the allegations, the school threatened to file trespass charges against Plaintiff if he did not stop coming to the school requesting an incident report. Plaintiff contends that Durham Public Schools subsequently terminated his substitute teaching employment. Plaintiff says that he believes that he was harassed and discharged due to his "race, black, in violation of title VII of the Civil Rights Act of 1964 as amended." (Complaint [Doc. #2], at 4.)

Plaintiff attached his Notice of Right to Sue and the Charge of Discrimination that he filed with the U.S. Equal Employment Opportunity Commission on March 17, 2016. The EEOC closed its file on March 30, 2016, after finding that Plaintiff's charge was not timely filed with the EEOC. Plaintiff filed this action on June 2, 2016.

Having considered Plaintiff's contentions, the Court concludes that the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is frivolous and because it fails to

---

the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly"s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint).

3

state a claim on which relief may be granted. Plaintiff alleges that Defendant Tanya Bryant, a fellow teacher, harassed him, insulted him, and encouraged his students to harass him because of his race. (Compl. at 4.) However, his "employer" is the only entity that could be liable under Title VII of the Civil Rights Act of 1964. Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998) ("The 1991 amendments to Title VII further bolster our conclusion that individuals are not liable under that Act.") Because Defendant Bryant was not Plaintiff's "employer," all claims against her should be dismissed. Similarly, to the extent that Plaintiff intended to name the school principal as a defendant, he, as Plaintiff's supervisor, is not Plaintiff's "employer." Therefore, all of the claims asserted by Plaintiff in this case should be dismissed. To the extent Plaintiff believes he may have a state law claim against Defendant Bryant, he would need to file a new complaint in the proper forum setting out the basis for whatever claims he intends to pursue.

Plaintiff's claims also fail in this Court because he did not properly exhaust his administrative remedies. Title VII requires a plaintiff to file his threshold charge of discrimination with the EEOC within a specified period after the alleged discriminatory act. 42 U.S.C. § 2000e–5(e)(1); EEOC v. Commercial Office Prods. Co., 486 U.S. 107, 110 (1988). The designated time period is 180 days, although in limited circumstances that period of time is extended to 300 days. 42 U.S.C. § 2000e–5(e)(1); Commercial Office Prods., 486 U.S. at 111 (noting that the 300-day period applies in instances involving state or local administrative proceedings, and in that case "a complainant must file a charge with the appropriate state or local agency, or have the EEOC refer the charge to that agency, within 240 days of the alleged discriminatory event in order to ensure that it may be filed with the EEOC within the 300–day

4

limit"). An untimely-filed charge is not a jurisdictional bar but rather is "like a statute of limitations, . . . subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).

In this case, the EEOC found that Plaintiff waited too long before filing a charge of discrimination with that agency. All of the events of which Plaintiff complains in his Complaint which involve Defendant Bryant occurred on February 5, 2013. He filed his charge of discrimination with the EEOC on March 17, 2016. (Charge of Discrimination [Doc. #2-1], at 3.) Plaintiff did not file his charge with the EEOC within either 180 days or 300 days of the alleged discriminatory event.[2] Plaintiff also offers no basis upon which the Court could find that waiver, estoppel, or equitable tolling would cause his filing to be timely. Therefore, Plaintiff's Complaint fails to state a claim upon which relief may be granted and should be dismissed for this additional reason. See Huff v. Bd. of Governors, 334 F. App'x 583 (4th Cir. 2009) (affirming dismissal of action for failure to file charge of discrimination within 180 days after the date the alleged unlawful employment practice occurred).

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

---

[2] Plaintiff's EEOC charge of discrimination notes that his employment with Durham Public Schools ended on March 27, 2014. His charge of discrimination would also not be timely filed if this date is used as the date the alleged unlawful employment practice occurred.

5

Case 1:16-cv-00569-LCB-JEP   Document 4   Filed 07/14/16   Page 5 of 6

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief may be granted, without prejudice to Plaintiff filing a new complaint in the proper forum setting out the basis for whatever claims he intends to pursue.

This, the 14th day of July, 2016.

/s/ Joi Elizabeth Peake
United States Magistrate Judge